CAMPBELL, Judge.
Appellant, Hawk Aircraft Refinishing, Inc. (Hawk), appeals the final judgment granting summary judgment for appellees, David A. Dodgen and Cynthia L. Dodgen (appellees), in their action on a promissory note in which Hawk promised to pay appel-lees $75,000 as partial consideration for Hawk's purchase of a business from appel-lees. The effect of the summary judgment was also to deny Hawk’s motion to amend its pleadings to state a counterclaim and affirmative defenses. We reverse.
Hawk and two individual defendants, Robert A. Leitzman and Erlanne K. Leitz-man, his wife, executed the note, the Leitz-man’s signing as partial guarantors. The note was to serve as part of the consideration for the purchase of a business from appellees. The Leitzmans had formed Hawk Aircraft Refinishing, Inc. to purchase and operate that business. The purchase agreement was executed by Hawk and the Leitzmans as guarantors. Appel-lees filed their complaint against appellant Hawk and the Leitzmans as guarantors on the promissory note on August 13, 1991. The complaint affirmatively alleges that Hawk Aircraft Refinishing, Inc. is a Florida corporation organized and owned by the individual defendants, Robert A. Leitzman and Erlanne K. Leitzman. The defendants filed general denials on September 6, 1991, and appellees moved for summary judgment on September 12, 1991.
Prior to the hearing on the motion for summary judgment, all defendants moved to amend their pleadings to state affirmative defenses and counterclaims. Robert Leitzman served an affidavit in opposition to summary judgment on October 19, 1991. In that affidavit, Mr. Leitzman averred that he and his wife were the defendants in appellees’ action; that they had entered into the purchase agreement with appel-lees; that he and his wife had paid the $15,000 down payment for the business; that Hawk had been incorporated by him and his wife and had executed the promissory note which is the subject of this appeal; and that there were misrepresentations and fraud by appellees to induce the Leitzmans to enter into the purchase that caused there to be a failure of consideration.
At the hearing on the motion for summary judgment, the court also considered the defendants’ motion to amend their pleadings. The trial court granted the Leitzmans’ motion to amend, while it denied Hawk’s motion to amend. The trial court then granted summary judgment against Hawk, while it denied it against the Leitzmans. The trial judge reasoned that the affidavit by Mr. Leitzman went only to his individual defense. This was clearly not the case as is evidenced by the pleadings and affidavit that show Hawk and the Leitzmans inextricably intertwined in the transaction. It was an abuse of discretion to grant the Leitzmans’ motion to amend and deny the same motion as it pertained to Hawk. Likewise, it was an abuse of discretion to deny summary judgment as to the Leitzmans, yet grant it as to Hawk. Summary judgment should have been denied as to Hawk, and Hawk should have been granted leave to amend. We, therefore, reverse and remand for further proceedings consistent herewith.
DANAHY, A.C.J., and THREADGILL, JJ., concur.